OKLAHOMA RY. CO. v. PARKER.

No. 33661.   March 8, 1949.

*203 P. 2d 875.*

Richardson, Shartel, Cochran & Pruet and F. M. Dudley, all of Oklahoma City, for plaintiff in error.

J. A. Rinehart, of El Reno, and S. J. Clay, of Oklahoma City, for defendant in error.

WELCH, J. This action was for the recovery of damages for personal injuries alleged to have resulted from the defendant's negligence. The trial of the action resulted in a verdict and judgment in favor of the plaintiff, and the defendant has appealed.

All assignments of error are presented under two propositions stated as follows:

"There was an absence of evidence of negligence on the part of the defendant and, hence, the court should have sustained (1) defendant's demurrer to the evidence, or (2) defendant's motion for a directed verdict. The verdict and judgment are contrary to the law and the evidence."

"The court erred in excluding certain competent and material evidence offered by the defendant."

The defendant is a carrier of passengers for hire and for a time used street cars in conducting its transportation system. On the date and time here involved, the defendant's car came to a stop at a regular passenger stop and for the purpose of permitting the plaintiff to enter as a passenger. Concerning events that occurred after the car stopped, the plaintiff testified, in part, as follows:

"I stepped upon the bottom step of the car with my left foot, catching hold of the iron rod that runs up and down the car, stepped upon the second step with my right foot, at which time I had to turn loose of the iron bar because I was stepping on the floor level with my left foot, and when, in the act of stepping upon the —stepping upon the floor level with my right foot, and reached for the iron bar that runs to the bottom level, I mean, the floor level, the motorman started the car with a sudden jerk, which threw me backwards down the steps."

Plaintiff testified that her back struck the steps and she suffered a temporary numbness and thereafter continuous pain in her back.

The operator of the car, the motorman, with reference to the time he started the car, and in reference to the plaintiff, testified as follows:

"She had her left foot on the top floor . . . her right foot on the second step . . . she had a hand raised on the fare box dropping the token in."

Photographs showing the entrance way and a part of the interior of the car were introduced in evidence. These pictures show a vertical handbar or post reaching from the floor of the bottom step of the car to the ceiling of the entrance way and located midway of the step lengthwise, and a like handbar located on the right end of the step. The pictures reflect that on normal entrance to the car a person would step up from the street level to the bottom step and to the right or left of the center handbar, then up to a second step and then up a like distance to the floor level of the car. There is a vertical handbar fastened to the floor of the car several inches back in the car from the entrance edge of the floor and a slight distance to the right of the center of the entrance way, and to the right of this bar and to the right of the entrance on the floor of the car there is a fare box.

We need not here recite the medical evidence since defendant makes no specific complaint of the amount of the verdict if plaintiff is entitled to recover at all.

The question is whether there was sufficient evidence of negligence on the part of the defendant as to justify submission of the case to the jury and to support the verdict.

The defendant asserts that plaintiff's testimony, and the proof concerning the location of the supports or handbars and the fare box, establish as an undisputed fact that plaintiff was on the street car in a place of safety at the time the car started, and it was therefore not negligent to start the car; that plaintiff being on the car and at a place within reach of a support bar or the fare box, the defendant had the right to assume that the plaintiff would use reasonable care to protect herself against the movement occasioned by a start of the car, and defendant owed no duty to refrain from starting the car. It is suggested that the mere fact that the car started under such circumstances, and the plaintiff was hurt, does not make out a case of negligence, in the absence of proof that the start was unusually sudden or violent. The defendant's entire argument that there was an absence of evidence of negligence on the part of the defendant is based on a contention that there is an absence of a proof that the car was started in a violent, unusual and reckless manner. The authorities presented in defendant's brief treat with situations involving the starting or operation of a street car where a passenger has entered the car and reached a place of safety therein, or had a reasonable opportunity to reach a place of safety therein.

We do not agree with defendant that the evidence herein indisputably establishes the fact that plaintiff was on the streetcar in a place of safety at the time the car started, or that there was no evidence that plaintiff was in a perilous position which was known or should have been known by the motorman when he started the car. We therefore make no further reference to the cases cited by the defendant.

As above noted, the plaintiff testified that she was in continuous movement from the time she stepped on the lower step of the car until the car started; that she passed the upright support on the lower step and did not have an op-portunity to fully reach the floor of the car before the start, and was unable to reach the upright support on the floor of the car before the car started, and was unable to save herself from falling down the steps.

It is undisputed that plaintiff fell with the start of the car.

In 10 Am. Jur., Carriers, 1432, the following applicable rule is stated:

"In the instance of persons boarding or alighting from a carrier's conveyance, any movement of the vehicle before the passenger has had a reasonable opportunity to reach a place of safety therein or to alight is negligence, rendering the carrier liable for the resulting injuries."

Obviously, a passenger walking up steps of a streetcar and without hand support might become overbalanced or fall upon a movement of the car not expected. We do not perceive that a passenger entering upon the steps of a streetcar, and in movement up the steps of a car, and before reaching the floor of the car, might reasonably expect the car to start. It is equally clear that a motorman, under such circumstances, having due regard for the safety of an entering passenger and in the exercise of due diligence, should have noted the passenger's position and should have foreseen that it was dangerous to start the car.

As was said by the court in its syllabus in Steeg v. St. Paul City R. Co., 50 Minn. 149, 52 N. W. 393:

"The servants of a streetcar company who control the movements of its cars are bound to use due care in starting the same so as to allow passengers a reasonable opportunity to get safely on board, regard being had to the circumstances of each case."

Herein, the question whether the car was started before the plaintiff had a reasonable opportunity to reach a place of safety therein was one for the jury. An answer to the question in the affirmative might be found from the testimony of the plaintiff and other circum-

stances shown. We think the evidence is sufficient to sustain the verdict.

The defendant complains of the exclusion of testimony of certain fellow employees of the plaintiff to the effect that plaintiff, in the course of her employment following the date of the accident, complained of pain in her feet and expressed an inability to continue her work because her feet were painful, and that plaintiff did not at such times, or at any other time in the presence of these employees, mention or complain of any pain in her back.

We do not see anything that would render this evidence inadmissible, or these individuals incompetent as witnesses. We are inclined to the view that the evidence should have been admitted. However, this is in the nature of negative rather than positive evidence and would have no great probative force, especially in such a case as this, where there is no question as to the occurrence of the accident, and where the existence and extent of the back injury is shown by expert medical testimony.

From the entire record, we are thoroughly convinced that whatever error occurred in this respect would not justify a reversal. We think it must be concluded, in view of the entire record, that the exclusion of this evidence was without any substantial prejudice to the defendant. See 12 O. S. A. §78, and the many authorities there cited.

The judgment is affirmed.

